## OGDEN & MOFFETT CO. et al. v. MICHIGAN PUBLIC UTILITIES COMMISSION.

District Court, E. D. Michigan.
Oct. 29, 1931.

Beaumont, Smith & Harris, of Detroit, Mich., for plaintiffs.

Paul W. Voorhies, Atty. Gen., of Michigan, Hugh E. Lillie and Kit F. Clardy, Asst. Attys. Gen., for defendant.

Motion for preliminary injunction, heard before DENISON, Circuit Judge, and SIMONS and MOINET, District Judges, pursuant to section 266 of the Judicial Code (28 USCA § 380).

### PER CURIAM.

Plaintiffs, a group of private or contract highway carriers by truck, seek to enjoin the execution of Act. No. 212 of the Michigan Public Acts of 1931, in so far as it requires them to obtain permits from and conform to the rules and regulations of the public utilities commission. The Attorney General appears for all of the defendants, files an answer opposing the motion, and moves to dismiss the bill. For the purposes of the motion, we accept the facts stated in the bill and affidavits; they are so brief and simple that no more formal findings of facts seem necessary.

Our conclusion as to the chief points of attack upon the constitutionality of the law are as follows, and the importance of an immediate disposition is such that we do not delay for any elaboration:

1. The different matters mentioned in the title of the act are sufficiently germane to each other to satisfy the requirements of the Michigan Constitution (Const. Mich. art. 5, § 21).

2. The act does not undertake to regulate the business of private carriers, but only to regulate their operations upon the highways. In this respect, it carefully differentiates between public and private carriers; and the intent not to regulate generally the business of the latter is emphasized by the complementary Act No. 312. There is by the act no unlawful delegation of legislative authority, and it is not alleged that any oppressive, arbitrary, or unduly burdensome rule or regulation has yet been made; nor has there been any attempt to examine plaintiff's books and records, under section 15.

3. We cannot say that there was no substantial basis for separately classifying the contract-carrier, who is burdened, and the owner-carrier, who is not. There are doubtless instances where the public safety requires regulation and control of some owner-carriers as much or more than of some contract-carriers; but, as classes, those who make the use of the highways the basis of their business, and those who use the highways only incidentally to their main business, may well be thought to require variant treatment in the matter of highway use and regulation. A review of the pertinent decisions would not now be helpful.

We conclude that the act is valid and that the motion for a preliminary injunction should be denied and the restraining order dissolved. However, we assume that there will be an appellate review of this action, and so we inquire whether the restraining order should be continued, pending the appeal. Upon the balance of equities we think not. Submission to the law, pending appeal, will apparently impose no serious hardship upon plaintiffs, provided there can be secured to them a return of the license fees if the law is eventually held invalid. The commission offers to keep the fees from these plaintiffs in a separate fund, subject to the order of this court, while an appeal is pending. If it is taken promptly and advanced for hearing, the period of delay will be short. This course seems sufficient to safeguard plaintiffs; and the order to be entered will provide accordingly.